IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERRIMACK MUTUAL FIRE INSURANCE COMPANY, a/s/o TRAVIS TEDESCO, LLC. | : Civil Action No. |
| Plaintiff, | : |
| V. | : |
| | : JURY TRIAL DEMANDED |
| PRECISION PIPELINE SOLUTIONS, INC. | : |
| Defendant. | : JANUARY 17, 2019 |

# COMPLAINT

## PARTIES

1. Plaintiff, Merrimack Mutual Fire Insurance Company (hereinafter "Merrimack Mutual"), is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 95 Old River Road, Andover, Massachusetts.

2. At all times material hereto, Plaintiff, Merrimack Mutual Fire Insurance Company was duly authorized to issue policies of insurance within the State of Connecticut.

3. Defendant, Precision Pipeline Solutions, Inc. (hereinafter "Precision Pipeline."), is a company organized and existing under the laws of Connecticut, with its principal place of business located at 617 Little Britain Road, New Windsor, NY.

4. At all times material hereto, Precision Pipeline operated a business and leased a building for its employees at 132 Cables Avenue, Waterbury, CT from the insured, Travis Tedesco, LLC.

## JURISDICTION

5. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims at issue occurred within the district and defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. Merrimack Mutual insured the personal property owned by Travis Tedesco, LLC located at 132 Cables Avenue, Waterbury, CT (hereinafter "the property").

8. On or about March 9, 2017, extensive water damage occurred at the property as a result of ruptured pipes.

9. Based on information and belief, the pipes ruptured as the result of freezing water within the piping.

10. The boiler stopped operating because the thermostat, which controls the boiler, stopped functioning.

11. Based on information and belief, the absence of uncharged batteries in the thermostat prevented the thermostat from operating properly.

12. Defendant, Precision Solutions, is a business of who engages in converting oil to gas.

13. Defendant, Precision Solutions, leased property from the insured, Travis Tedesco, LLC, in order to house its employees at the property while they did work in the area.

14. Based on information and belief, (5) Precision Solutions employees occupied and resided at the property.

15. The property was in the Precision Solutions employee's sole care, custody, and control.

16. Precision Solutions employees vacated the premises and gave no notice to the insured, Travis Tedesco, LLC –landlord of the property.

17. The Defendant, Precision Solutions, continued to pay the rent at the property after employees vacated the premises masking the abandonment.

18. The Defendant, Precision Solutions did not notify the landlord that its employees were no longer occupying the property.

19. Based on information and belief, the insured, Travis Tedesco, LLC, had no knowledge that the property had been vacated and that the premises were unoccupied.

20. Based on information and belief, the Precision Solutions employees did not exercise proper care and precautions, while the property was in their control, custody and care.

21. As a result of the Defendant, and its employee's omissions and/or conduct, a large scale freeze loss occurred.

22. Beth Fischer, owner of Travis Tedesco, LLC, submitted a claim to Merrimack Mutual and, pursuant to the terms and conditions of its policy of insurance, number FP 5550942, Merrimack Mutual has paid an amount in excess of $75,000, representing the fair and reasonable value and cost of the resulting damages, as covered under the applicable policy.

23. To the extent of its payments, Merrimack Mutual is legally and equitably subrogated to the rights of its insured, Travis Tedesco, LLC.

## COUNT I– NEGLIGENCE

24. The Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 23 above as though they were set out in full.

25. Prior to the freeze-up, Precision Solutions was leasing property owned by Travis Tedesco, LLC for the purpose of housing its employees.

26. The freeze-up loss was the direct and proximate result of the Defendant, Precision Solutions, acting through its employee's negligence, carelessness and/or negligent omissions in the following ways:

   a. failing to properly change the batteries in the thermostat.

   b. failing to provide notice to the landlord of any potential hazards or safety issues concerning the property.

   c. failing to take reasonable preventative measures that would have sufficiently avoided the freeze up and the spreading of the water leaks, and ensuing damages;

   d. failing to properly remedy potential hazards relating to its actions and/or omissions at the subject property;

   e. failing to properly and adequately notify the landlord that the premises were unoccupied and had been vacated;

   f. failing to safeguard the premises from its employees wrong-doing; and

   g. otherwise failing to use due care under the circumstances.

27. Travis Tedesco, LLC was insured for the losses they sustained by a policy of insurance with Merrimack Mutual, which compensated it for the losses and is now subrogated to the rights of its insured.

## COUNT II – BREACH OF CONTRACT

28. The Plaintiff hereby incorporates by reference the allegations in Paragraphs 1 through 27 above as though they were set out in full.

The Defendant Precision Pipeline breached its contract with the insured by:

   a. Damaging the dwelling or permitting it to be damaged under Section 7 of the lease agreement;

4

    b.    Failing to pay the cost to repair the damage because of the Defendant's misuse, and/or neglect, under Section 8 of the lease agreement;

    c.    Permitting the premises to remain unoccupied for more than 14 days without prior notice to the landlord and in the tenant's absence under Section 12.

    d.    Failing to return the premises in the same condition they were in at the beginning of the lease under Section 16.

    e.    Willfully and/or negligently, failed to keep the thermostat set to no less than 62 degrees at all times during the heating season under the addendum to the lease agreement.

WHEREFORE, Merrimack Mutual Fire Insurance Company, as subrogee of Travis Tedesco, LLC, respectfully requests that this Court enter judgment in its favor and against the Defendant, Precision Pipeline Solutions, Inc. in the amount in excess of $75,000.00 together with the costs of this action and such other and further relief as this Court deems appropriate.

Respectfully Submitted,

BY: _____
Atty. Tamara DeBerry #ct30276
Law Offices of Stuart G. Blackburn
Two Concorde Way, P.O. Box 608
Windsor Locks, CT 06096
P: (860) 292-1116  Fax: (860) 292-1221 (fax)
tamara@sgblackburn.com
Fed. Bd. #ct30276

5

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Merrimack Mutual Fire Insurance Company a/s/o Travis Tedesco, LLC

**DEFENDANTS**
Precision Pipeline Solutions, Inc.

(b) County of Residence of First Listed Plaintiff  **Hartford**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Tamara DeBerry, Esq., Law Offices of Stuart G. Blackburn, LLC, 2 Concorde Way, Unit 3C, Windsor Locks, CT 06096

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 274,046.74
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
*/s/ T. DeBerry, Esq.*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.